# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JOHN ANDREW LYNN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>　　　　Defendant. | CV-24-02-GF-BMM<br><br><br>ORDER |

## INTRODUCTION

John Andrew Lynn ("Lynn") brings this action under 42 U.S.C. § 405(g), seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner"). (Doc. 1.) Lynn prays that the Court grant Social Security Disability Insurance benefits based upon his application for benefits. (Doc. 1 at 2.) Lynn requests alternatively that the Court remand this action to the Administrative Law Judge for reconsideration. (*Id.*) The Commissioner opposes Lynn's motion. (Doc. 8.) The Commissioner requests that the Court affirm the

1

decision of the ALJ. (Doc. 8 at 12-13.) The Commissioner requests alternatively that the Court remand to the ALJ for reconsideration. (*Id.*)

## JURISDICTION

The Court retains jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Lynn resides in Great Falls, Montana. 28 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3); *see* (Doc. 1 at 1.)

## PROCEDURAL BACKGROUND

Lynn filed a Title II application for a period of disability and disability insurance benefits on May 16, 2019. (Doc. 4 at 329-331.) His claim was denied on March 15, 2020. (*Id.* at 111-120.) Lynn's claim again was denied on reconsideration on August 18, 2020. (*Id.* at 122-128.)

Lynn requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 180-181). The ALJ held a hearing on June 1, 2021. (*Id.* at 42-67). The ALJ issued an unfavorable decision concerning Lynn's application on July 8, 2021. (*Id.* at 129-146.) Lynn sought review from the Appeals Council of the Social Security Administration of the ALJ's decision. (*Id.* at 244-246.) The Appeals Council granted Lynn's request for review and issued an order on August 8, 2022, remanding the matter to the ALJ. (*Id.* at 152-158.)

The ALJ held a hearing on remand from the Appeals Council on November 30, 2022. (*Id.* at 68-109.) The ALJ issued an unfavorable decision concerning Lynn's

2

application on February 1, 2023. (*Id.* at 22-35.) Lynn sought review from the Appeals Council of the Social Security Administration of that February 1, 2023, decision. (*Id.* at 14-16.) The Appeals Council denied Lynn's request for review of the decision on November 9, 2023. (*Id.* at 6-8.) The ALJ's February 2023 unfavorable decision is at issue in this action.

## STANDARD OF REVIEW

The Court reviews the Commissioner's final decision under the substantial evidence standard; the decision will be disturbed only if it is not supported by substantial evidence or if it is based on legal error. *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); *see also Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 678 (9th Cir. 2005). "'Substantial evidence' means 'more than a scintilla,' but 'less than a preponderance.'" *Smolen*, 80 F.3d at 1279 (internal citations omitted).

The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 534 (9th Cir. 1986.) The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court reviews "only the

reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISABILITY CRITERIA

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382(a)(3)(A), (B)).

Social Security Administration regulations provide a five-step sequential evaluation process to determine disability. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The five steps are as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step

4

two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. § 416.920(e).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. § 404.1520(f), 416.920(f).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. § 416.920(g).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof at steps one through four. *See id.* The Commissioner bears the burden of proof at step five. *Id.*

## FACTUAL BACKGROUND

### I. The ALJ'S Determination

At step one, the ALJ found that Lynn had not engaged in substantial gainful activity since September 15, 2019. (Doc. 4 at 25.) The ALJ determined that Lynn met the insured status requirements of the Social Security Act through March 31, 2023. (*Id.*)

At step two, the ALJ found Lynn to be afflicted with nine severe impairments: depressive disorder, posttraumatic stress disorder (PTSD), traumatic brain injury

5

(TBI)/neurocognitive disorder, degenerative disc disease of the spine, arthritis, obstructive sleep apnea, plantar fasciitis, limb length discrepancy, and right knee meniscus tear with intraarticular loose bodies and chondromalacia. (*Id.*) The ALJ identified hyperlipidemia, keratosis, dyspnea, tinnitus, gastro esophageal reflux disease (GERD) and hiatal hernia as non-severe impairments afflicting Lynn. (*Id.* at 26.)

At step three, the ALJ found that Lynn did not have an impairment or combination of impairments that met or medically equaled the severity described in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.* at 26-28.)

At step four, the ALJ determined Lynn's residual functional capacity ("RFC") and then evaluated whether it would allow Lynn to perform any past relevant work. (*Id.* at 28-33.) The ALJ followed the two-step process to determine Lynn's RFC. The ALJ first evaluated whether Lynn's impairments could produce his alleged symptoms. The ALJ then considered the intensity, persistence, and limiting effects of those symptoms and the resulting limitations on Lynn's potential work activities. (*Id.*)

The ALJ determined that Lynn's severe impairments could cause the alleged symptoms. (*Id.* at 29.) The ALJ concluded, however, that Lynn's "statements concerning the intensity, persistence and limiting effects of these symptoms" proved "not entirely consistent with the medical evidence and other evidence in the

record[.]" (*Id.*) The ALJ determined that Lynn possesses the residual functional capacity to perform light work except for the following limitations:

> lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally; stand and/or walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; frequently handle, finger, and feel with the bilateral upper extremities; frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; no exposure to greater than moderate noise level, as defined in the Selected Characteristics of Occupations (SCO), no exposure to extreme cold, vibration, unprotected heights, moving mechanical parts, and other work hazards; understand, remember, and carry out simple instructions; use judgement to make simple work-related decisions; deal with occasional changes in a routine work setting and job duties; no interactions with the public; and cannot perform work requiring a specific production rate, such as assembly line work, or work that requires hourly quotas, but he could perform goal-oriented work.

(*Id.* at 28-29.) The ALJ concluded that Lynn lacked the residual functional capacity to perform past relevant work as a construction worker. (*Id.* at 33.)

At step five, the ALJ assessed whether Lynn could perform any other work, given Lynn's age, education, work experience, transferable skills, and residual functional capacity. (*Id.* at 33-34.) The ALJ considered the vocational expert's ("VE") opinion as to whether jobs existed in the national economy for an individual with the claimant's age, education, past relevant work experience, and residual functional capacity. (*Id.* at 34.) The VE identified several jobs that fulfill these criteria: cafeteria attendant, laundry worker, and housekeeping cleaner. (*Id.*) The

7

ALJ determined that Lynn was not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id.* at 35.)

## II. Lynn's Position

Lynn argues that the ALJ erred in two ways. First, Lynn argues that the ALJ failed to evaluate adequately the opinion of Lisa Lysne, LCSW, in accordance with 20 C.F.R. §404.1520c. (Doc. 6 at 17.) Second, Lynn argues that the ALJ failed to support the ALJ's analysis of disability with substantial evidence. (*Id.*)

## III. Commissioner's Position

The Commissioner argues that substantial evidence supports the ALJ's evaluation of Ms. Lysne's medical opinion and that the ALJ's decision should be affirmed. (Doc. 8 at 5, 12.)

## DISCUSSION

The Court determines after a review of the record that the ALJ failed to evaluate adequately the opinion of Ms. Lysne in accordance with 20 C.F.R. §404.1520c, but the ALJ supported the ALJ's analysis with substantial evidence.

**A. The ALJ failed to evaluate adequately the opinion of Ms. Lysne in accordance with 20 C.F.R. §404.1520c, but supported her analysis with substantial evidence.**

Lynn argues that the ALJ failed to evaluate adequately the opinion of Ms. Lysne in accordance with 20 C.F.R. §404.1520c by failing to explain how the ALJ considered supportability. (Doc. 6 at 17, 20.)

The Social Security Administration has outlined the most important factors in assessing medical opinions as supportability and consistency. 20 C.F.R. §404.1520(b)(2). Medical opinions or findings prove more persuasive when more relevant medical evidence is used to support medical opinions. *Id*. at (c)(1). Medical opinions prove more persuasive when medical opinions are more consistent with evidence from other sources in the claim. *Id*. at (c)(2). The ALJ must explain how supportability and consistency were considered as factors for medical opinions in determining the case. *Id*. at (b)(2).

"[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). A conservative treatment plan is not an appropriate basis for rejecting credibility when the claimant has a good reason to not seek aggressive treatment. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citing *Orn*, 495 F.3d at 638 (9th Cir. 2007)).

### I.     Supportability

The ALJ fails to analyze the supportability of Ms. Lysne's medical opinion. Ms. Lysne's opinion consisted of a mental assessment form marked with limitations

9

and mental status examinations. (Doc. 4 at 32.) The ALJ's supportability factor analysis reads as follows:

> [T]he undersigned finds the combination of the normal mental status examination findings and the claimant's activities of daily living lends more support to the claimant's ability to engage in mental activities in the work setting … LCSW Lysne reported mostly "mild" and "moderate" limitations along with a "marked" limitation accepting instructions and responding appropriately to criticism from supervisors. LCSW Lysne also reported a work preclusive absenteeism limitation. The conservative therapy records and the mostly normal mental status examinations do not support the marked or absenteeism limitations in this assessment.

(Doc. 4 at 30-32.) Nowhere in the ALJ's analysis does the ALJ explain how the records and mental status examinations fail to support Lynn's limitations.

The ALJ failed to provide reasons why Ms. Lysne's records do not support Ms. Lysne's medical opinion. The ALJ concluded that the medical evidence failed to support the marked limitation accepting instructions and responding appropriately to criticism from supervisors that Ms. Lysne opined existed. The ALJ reached this conclusion without an explanation of how the limitations were unsupported.

Likewise, the ALJ fails to explain how Lynn's conservative treatment plan fails to support the limitations reported by Ms. Lysne. Lynn's management of his ailments may provide evidence of why his treating healthcare providers chose not to pursue a more aggressive treatment plan. A failure to seek a more aggressive treatment plan does not negate Lynn's past issues. The ALJ did not explain the

impact of conservative therapy records in the supportability analysis of Ms. Lysne's opinion. The ALJ concluded that Lynn's activities indicated his ability rather than his limitations and did not address the circumstances of the activities that Lynn completed. The ALJ failed to explain how she considered supportability as a factor when evaluating Ms. Lysne's opinion.

## II.     Consistency

The ALJ found that Lynn's social interactions limitations, as identified by Ms. Lysne, were not fully consistent with Lynn's ability to attend hours of training with his dog, work in 2020, travel, shop, and participate in group activities. (Doc. 4 at 32.) The ALJ concluded that the interactions that occurred in Lynn's activities were inconsistent with Ms. Lysne's assessment and medical opinion without explaining how they were inconsistent as required by 20 C.F.R. §404.1520c. (*Id*.)

Lynn attended hours of dog training as a part of his treatment plan with Ms. Lysne. (Doc. 6 at 9.). Lynn's travel was led only by former classmates who are veterans or dependents of veterans. (Doc. 4 at 87-88.) Lynn testified that while working in 2020, he did so with the accommodation of a service dog and taking frequent walks. (*Id*. at 49.) Third-party statements confirm Lynn's participation in veteran's groups, his ability to complete daily activities, and the assistance that Lynn's son provides. (*Id*. at 31.) Lynn completes tasks and activities within certain conditions. The ALJ cites no evidence to support the conclusion that Lynn has

success in social interactions with a supervisor. The ALJ neglects to explain how activities Lynn completed are inconsistent with the medical opinion that Lynn has social interaction limitations in accepting instructions and responding appropriately to criticism from supervisors. (*Id*. at 32.)

The ALJ also failed to consider the circumstances of the daily activities performed by Lynn. Lynn testified that he has problems getting along with others, namely civilians. (Doc. 4 at 83.) Lynn testified that he does not participate in social activities other than those with other veterans. (*Id*. at 77.) Lynn's volunteering as a fly-fishing instructor was done with other veterans. (*Id*. at 49-50.) Lynn testified that he does not currently "deal" with anyone in authority. (*Id*. at 86.) Each of the activities in which Lynn participated support Lynn's testimony and fail to prove that Lynn can appropriately respond to criticism from a supervisor.

### III. Substantial Evidence

Lynn argues that the ALJ failed to support with substantial evidence the ALJ's analysis of Ms. Lysne's opinion as inconsistent or unpersuasive. (Doc. 6 at 17, 23.) "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb*, 433 F.3d at 678. The threshold for substantial evidence is not high. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

The Ninth Circuit determined in *Ford v. Saul* that the ALJ's analysis was supported by substantial evidence due to the claimant's regular work attendance. 950

F.3d 1141, 1156 (9th Cir. 2020). The claimant showed an ability to work, deal with work related stress, and complete tasks. *Id*. The claimant's doctor had concluded previously that the claimant possessed limited ability to maintain regular work attendance, deal with work related stress, and complete tasks. *Id*.

The ALJ showed that substantial evidence exists for a reasonable mind to conclude that Lynn is not disabled. Lynn's activities show his ability to participate in certain social interactions despite Ms. Lysne's opinion. Ms. Lysne's opinion involved a social interaction limitation. (Doc. 4 at 32.) Lynn testified that he was able to travel, volunteer to teach fly-fishing lessons, engage in part-time work activity in early 2020, and attend over 300 hours of training with his dog since 2019. (*Id*. at 7, 11.) All these activities were done with other veterans, with accommodations, or otherwise in accordance with Lynn's treatment. Nonetheless, the Court recognizes that substantial evidence exists to support the ALJ's analysis.

## REMEDY

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand for an award of benefits is only appropriate when three requirements are met. First, "the ALJ has failed to provide legally sufficient reasons for rejecting evidence." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, "the record has

been fully developed and further administrative proceedings would serve no useful purpose." *Id*. Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id*. Remand for further proceedings proves appropriate to further develop the record. On remand, the ALJ should analyze the medical opinion of Lisa Lysne, LCSW, in accordance with the supportability and consistency factors. 20 C.F.R. §404.1520(b)(2).

## CONCLUSION

The ALJ failed to evaluate adequately the opinion of Ms. Lysne in accordance with 20 C.F.R. §404.1520c, but the ALJ showed support for her analysis with substantial evidence.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. The Court **REVERSES** the decision of the Commissioner of the Social Security Administration and **REMANDS** this case to the Commissioner of the Social Security Administration for further proceedings.

2. The Clerk is directed to enter judgment accordingly.

DATED this 26th day of June, 2024.

_____
Brian Morris, Chief District Judge
United States District Court